**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| THE STATE OF NEW MEXICO ex rel. HECTOR BALDERAS, ATTORNEY GENERAL, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:20-cv-01355-KG-KRS |
| STERIGENICS U.S., LLC, SOTERA HEALTH HOLDINGS, LLC, SOTERA HEALTH LLC, and SOTERA HEALTH COMPANY, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT STERIGENICS U.S., LLC's RESPONSE TO PLAINTIFF'S
NOTICE OF COMPLETION OF BRIEFING [DKT 24]**

The briefing is not complete on Plaintiff's Emergency Motion in Support of Request for *Ex Parte* Temporary Restraining Order and Preliminary Injunction ("Injunction Motion"), as Plaintiff argues. In fact, no such motion is even before the Court. Rather, while at the same time contesting this Court's jurisdiction, Plaintiff asks the Court to enter a "default order" granting injunctive relief on a state court motion—one that was a nullity upon its filing in the state court because it lacked a signature. For the reasons set forth below, the Court should deny Plaintiff's improper request.

**BACKGROUND**

This case involves Sterigenics U.S., LLC's ("Sterigenics U.S.") facility in Santa Teresa, at which the company performs essential sterilizations of medical equipment. Plaintiff filed this action in state court on December 22, 2020. While the case was still in state court, Plaintiff also submitted with its complaint an "Emergency Motion in Support of Request for *Ex Parte*

Temporary Restraining Order and Preliminary Injunction" that bore no signature. *See* Dkt 1-2 and Dkt 1-4. The unsigned Injunction Motion violated Rules 1-011 and 1-007(B)(2) of New Mexico's Rules of Civil Procedure, which require that any court filings be signed by the counsel filing them. *See* Dkt 1-4 at 17 of 18.

The state court docket reflects no attempt by Plaintiff in the days after filing the Injunction Motion to correct its lack of signature or request a hearing on the motion in the state court. On December 28, 2020, counsel for Sterigenics U.S. waived service of process and removed the case to this Court due to the substantial federal questions raised in Plaintiff's Complaint. *See* Dkt 1. Sterigenics U.S.'s Notice of Removal attached all of the documents on the docket in the state court case that it had received, including the unsigned Injunction Motion, pursuant to 28 U.S.C. § 1446(a). The Notice of Removal's attachment of the unsigned Injunction Motion pursuant to § 1446(a) is the only reason the unsigned state court Injunction Motion is in the record in this case.

Plaintiff thereafter contested the Court's subject matter jurisdiction in a Motion to Remand, Dkt 4, which Sterigenics U.S. has opposed, Dkt 14. That motion—the only one actually before the Court in this case—is fully briefed and awaiting a ruling from the Court.

In an effort to obtain some certainty regarding applicable deadlines due to Plaintiff's challenge to the Court's jurisdiction, counsel for Sterigenics U.S. reached out to Plaintiff's counsel to obtain an agreement regarding the deadline for filing responsive pleadings and motions. Plaintiff stipulated that such filings would not be due until 30 days after the Court issues an order on Plaintiff's Motion to Remand. Dkt 13. In those discussions, Sterigenics U.S. also advised Plaintiff that the Injunction Motion was a nullity in the state court because it was not signed, and

queried whether Plaintiff intended to file in this Court a signed motion for the relief it purported to seek in the unsigned Injunction Motion.[1]

Plaintiff, however, never filed a motion for a temporary restraining order and preliminary injunction in this Court.  Instead, on January 7, 2021, Plaintiff filed a document entitled, "Notice of Errata to Emergency Motion in Support of Request for *Ex Parte* Temporary Restraining Order and Preliminary Injunction Filed at DKT. 1-4."  *See* Dkt 12.  With that filing Plaintiff apparently was trying to litigate the unsigned (and thus void) state court Injunction Motion in this Court by attaching a new, signed version of the same Injunction Motion (still under the state court action style and case number) as an exhibit to the Notice of Errata—not as an actual motion in this Court.

## ARGUMENT

There is no motion for temporary restraining order and preliminary injunction pending in this Court.  Thus, there has been no motion for Sterigenics U.S. to oppose with briefing, and there is no request for a temporary restraining order and preliminary injunction to be granted, through a "default order" or otherwise.  Plaintiff's request for such an order should be denied.

### A. Plaintiff's Injunction Motion is not before this Court—it did not carry over from the state court after removal and Plaintiff has not filed a motion for that relief in this Court—so the Court should not enter the default order.

No relief can be granted on the Injunction Motion because it was not filed in this Court and does not seek injunctive relief under the governing Federal Rules of Civil Procedure.  It is well-settled that "federal rather than state law governs the future course of proceedings" after removal. *Granny Goose Foods v. Bhd. of Teamsters, Local No. 70*, 415 U.S. 423, 436-37 (1974).  This means that the Federal Rules of Civil Procedure, not state rules of civil procedure, govern a

---

[1] The Notice of Removal also stated (and thereby informed Plaintiff) that the Injunction Motion was unsigned.  *S*ee Dkt 1 at 2.

removed action.  *See Sawyer v. USAA Ins. Co.*, 839 F.Supp.2d 1189, 1215 (D.N.M. 2012). Plaintiff's unsigned Injunction Motion purported to seek preliminary injunctive relief from the state court under Rule 1-066 of the New Mexico Rules of Civil Procedure.  The signed versions of that same state court Injunction Motion attached as an exhibit to the Notice of Errata also purported to seek relief under New Mexico state court rules.  But in order to seek injunctive relief from this Court Plaintiff must file a motion in this Court under the applicable federal rule and show a right to relief under that rule.  Plaintiff's failure to do so, alone, is dispositive of its assertion that its Injunction Motion is "live" in this Court:  to be a "live" motion, the motion must be brought under the Federal Rules of Civil Procedure and actually filed with this Court.

There is no federal statute, Federal Rule of Civil Procedure or local rule which provides that motions filed in state court carry over to federal court after removal.  If motions pending in state court prior to removal remained pending after removal, the Federal Rules of Civil Procedure, the statutes pertaining to removal, or the Local Rules would say so.  Further, there does not appear to be any authority in the Tenth Circuit for treating a motion filed in a state court before removal as a pending motion pending in federal court after removal.

Rule 81 does not address this situation either.  That rule is narrow in scope and (as is relevant here) states only that "[a] defendant who did not <u>answer</u> before removal must <u>answer or present other defenses or objections</u> under these rules with the longest" of three alternative periods of time.  Fed. R. Civ. P. 81(c)(2) (emphasis added).  The rule does not require responses to state court motions (particularly null unsigned state court motions) after removal.  Finally, it would be unworkable as a matter of court administration if motions pending in the state court at the time of removal were deemed to be pending in this Court.  Motions filed in state court before removal are in the record after removal only as attachments to the notice of removal.

Apparently recognizing that the unsigned Injunction Motion was invalid in the state court proceeding, Plaintiff filed the "Notice of Errata" attaching a signed version of the Injunction Motion (under the state court style and case number) in this Court. However, neither the Notice of Errata nor its attachment, is a motion—much less one for injunctive relief—requiring a response or calling for the Court to rule. A motion is one that is actually filed in this Court and bears the case file number and initials of the assigned judges, and it is assigned a docket number and clearly identified as a motion on the docket. The document attached to Plaintiff's "Notice of Errata" bears the state court style, the state court case file number, and the name of the state court judge, and it cites state court rules and procedural standards. Dkt 12-1 at 1.

Indeed, had Plaintiff wanted to seek injunctive relief in this Court by motion, it could have easily done so by filing one. But Plaintiff has deliberately elected not to, apparently in an effort to preserve its challenge to the Court's jurisdiction. However, Plaintiff cannot challenge the Court's jurisdiction on one hand, and then on the other hand pursue injunctive relief against Defendants in this Court (by which, of course, Plaintiff has submitted itself and this case to the Court's jurisdiction). And it certainly cannot pursue that relief without filing an actual motion in this Court for it.

In sum, Plaintiff's Injunction Motion is not a motion pending before this Court. It was not properly pending in the state court at the time of removal (it was not signed as required). And even if it had been, it did not convert to an active federal court motion after removal. The Notice of Errata does not change this. Without a motion for injunctive relief under the federal rules pending in this Court, Plaintiff has no active request for such relief in this case that it can request the Court to grant.

**B. Even if the Injunction Motion were a live motion, the Court should delay any briefing until after the ruling on Plaintiff's Motion to Remand.**

The Court's jurisdiction is a threshold matter, and Plaintiff's jurisdictional challenge must be decided by the Court before the Court takes any further action in this case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Further, injunctions are not issued lightly and without consideration. And the federal rules do not contemplate or allow a "default" temporary restraining order or preliminary injunction. Rather, district courts should consider evidence and carefully balance the factors that must be considered when deciding a request for injunctive relief, after a proper hearing and analysis. *See* Fed. R. Civ. P. 65(a); *Granny Goose Foods*, 415 U.S. at 432 n.7 ("The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition."); *Atari Games Corp. v. Nintendo of Am., Inc.*, 897 F.2d 1572, 1575 (Fed. Cir. 1990) ("[A] district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits submitted by plaintiffs." (emphasis added)); *see also Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004) ("Particularly when a court must make credibility determinations to resolve key factual disputes in favor of the moving party, it is an abuse of discretion for the court to settle the question on the basis of documents alone, without an evidentiary hearing."). The Tenth Circuit has long contemplated that a hearing is required "to support the grant of a preliminary injunction." *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980) (discussing what is required "[i]n hearings upon motions for . . . preliminary injunctive relief"); *Crowther v. Seaborg*, 415 F.2d 437, 439 (10th Cir. 1969) (same).

Plaintiff has already agreed that responsive pleadings should not be required until after the Court's ruling on its challenge to the Court's jurisdiction. The same logic and reasons for delaying

those filings would apply to the Injunction Motion, if it were a live motion.  While jurisdiction is proper in this Court, it is unnecessary and inefficient for the Court and the parties to litigate any purported motion for injunctive relief before the Court confirms its jurisdiction in response to Plaintiff's challenge to it.  Thus, if the Court were to determine that Plaintiff's state court Injunction Motion is an active motion in this case, Sterigenics U.S. respectfully submits that the Court should stay of the parties' litigation of that motion until after the Court's ruling on Plaintiff's Motion to Remand, and allow the parties full and complete briefing and a hearing on Plaintiff's requested injunctive relief.

## **CONCLUSION**

The Injunction Motion is not pending in this Court and there is no basis to enter the default injunction requested by Plaintiff.  If, however, the Court decides to treat the Injunction Motion as an active motion in this case, the Court should stay consideration of that motion until it rules on Plaintiff's Motion for Remand, and thereafter proceed with the full briefing by the parties and a hearing on the motion according to a schedule decided by the Court.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Alex Walker*
Alex C. Walker (awalker@modrall.com)
Tiffany L. Roach Martin (tlr@modrall.com)
Jeremy K. Harrison (jkh@modrall.com)
Post Office Box 2168
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico  87103-2168
Telephone: 505.848.1800

7

ALSTON & BIRD LLP
   W. Clay Massey (clay.massey@alston.com)
   *Appearing by admission pro hac vice*
   Daniel F. Diffley (dan.diffley@alston.com)
   *Appearing by admission pro hac vice*
   Sara M. Warren (sara.warren@alston.com)
   *Appearing by admission pro hac vice*
   1201 West Peachtree Street
   Atlanta, GA 30309
   Telephone: 404.881.7000

*Attorneys for Sterigenics U.S., LLC*


WE HEREBY CERTIFY that on the 5th day of February, 2021, we filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By:   */s/ Alex Walker*
   Alex C. Walker

*W3983987.DOCX*

8